United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Kevin Robert Ashby,  Case No. 05-71123
          Debtor.  Chapter 7
_____/

Nichols & Eberth, PC.,
          Plaintiff,  Adv. Case No. 05-5099

v.

Kevin Robert Ashby,
          Defendant.
_____/

Opinion Regarding Motion for Summary Judgment

    Plaintiff, Nichols & Eberth, P.C., represented Defendant Ashby in his divorce proceedings. On January 27, 2005, Ashby filed a voluntary chapter 7 bankruptcy petition. On April 14, 2005, Nichols & Eberth filed an adversary complaint requesting that the Court hold the debt owed it nondischargeable pursuant to 11 U.S.C. § 523. The defendant has filed a motion for summary judgment.

    Although both the complaint and the plaintiff's answer to the motion for summary judgment refer to § 523(a)(15), the factual allegations of the complaint and the answer to the motion make it reasonably clear that Nichols & Eberth actually assert that the debt should be nondischargeable because the debt was allegedly incurred by false pretenses. Further, the defendant states that he "believes that Plaintiff is proceeding under 11 U.S.C. 523(a)(2)(A) for defendant having allegedly obtained legal services under 'false pretenses, a false misrepresentation, or actual fraud.'" It is also significant that in its response to the motion for summary judgment, the plaintiff does not contend otherwise.

> Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.* 800 F. Supp. 547, 549-50 (E.D. Mich. 1992).

In this case, Ashby did not filed an affidavit with his motion. Therefore, the Court must conclude that there is a genuine issue of material fact regarding the plaintiff's claim under § 523(a)(2) and specifically concerning Ashby's intention to repay Nichols & Eberth . Accordingly, summary judgment is not appropriate.

Ashby also filed a motion for Rule 9011 sanctions related to the complaint. The Court concludes that consideration of the motion for sanctions should be deferred until after trial.

The Court will enter an appropriate order.

Not For Publication

```
Entered: November 28, 2005
```
                                           /s/ Steven Rhodes
                                     **Steven Rhodes**
                                     **Chief Bankruptcy Judge**